IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

    Plaintiff,                    No. CIV. S-11-1990 JAM GGH P

    vs.

SACRAMENTO COUNTY DEPT.
OF REVENUE AND RECOVERY,
                                      <u>ORDER and</u>
    Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The difficulty in piecing together plaintiff's allegations arises from plaintiff's having failed to provide, as required by Fed. R. Civ. P. 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief...." It appears that plaintiff is alleging that he has been wrongfully deprived by defendant Sacramento County Department of Revenue and Recovery of certain funds from December 9, 2009, until the present. See Complaint. In the caption of his complaint, plaintiff alleges, inappositely, "willful oppression," citing a state criminal statute, Cal. Penal Code § 147.[1]

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

---

[1] "Every officer who is guilty of willful inhumanity or oppression toward any prisoner under his care or in his custody, is punishable by fine not exceeding four thousand dollars ($4,000), and by removal from office." Cal. Penal Code § 147. Plaintiff cannot proceed alleging violation of a state criminal statute in a federal civil action and, in any event, he has identified no officer as having allegedly subjected him to oppression or inhumanity.

1  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal
2  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject
3  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.
4  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible
5  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.
6  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as
7  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.
8  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

9  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be
10 diverse from each defendant, and the amount in controversy must exceed $75,000.  For federal
11 question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a
12 federal law or the United States Constitution, (2) allege a "case or controversy" within the
13 meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr,
14 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

15 The complaint asserts no basis for jurisdiction.  It does not raise a federal question
16 but is apparently limited to a money dispute which should be adjudicated in state court.  Only if
17 plaintiff can allege a violation of his constitutional rights or federal law can he maintain an action
18 for which there is federal jurisdiction.  For diversity jurisdiction, plaintiff would need to allege
19 that he is diverse from the defendant, and provide the state of residence for all parties.  His
20 alleged damages would also need to exceed $75,000.  It is unlikely that plaintiff, a state prisoner,
21 can allege diversity from an entity of the same state.  Therefore, this case should be summarily
22 dismissed.

23 "Under Ninth Circuit case law, district courts are only required to grant leave to
24 amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a
25 complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,
26 Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

4

Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal for failure to state a claim, including whether to make the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124.  This is a relatively rare instance where the court can discern no manner in which plaintiff could cure the defects of his complaint.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this complaint be summarily dismissed and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2011

  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
dean1990.ofr